UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MELVIN DAVIS, SR., CHARASE DORSEY, ANISHA BIRD, VIRECE BERRY, KARL COTTON, SR., SON OF MAN, INC., TEMESIA DAVIS, JASMINE MCCOY, DANIELLE WASHINGTON, RAVEN J. WRIGHT, QUANTILA ROBERTSON, Next Friend for R.R., IESHIA BLACKWELL, Individually and as Representative of the Estate of CARL COLEMAN, and all others similarly situated,

    Plaintiffs,

v.

COUNTY OF BERRIEN; BERRIEN COUNTY PROSECUTING ATTORNEY STEVE PIERANGELI, Individually and in his Official Capacity; ASSISTANT PROSECUTING ATTORNEY MARK SANFORD, Individually and in his Official Capacity; TAYLOR KOCH, Individually and in her official capacity; BERRIEN COUNTY SHERIFF L. PAUL BAILEY, Individually and in his Official Capacities; DETECTIVE JEREMIAH GAUTHIER, Individually, and in his Official Capacity; DEPUTY SHAWN YECH, Individually and in his Official Capacity; DEPUTY JACOB WILL, Individually and in his Official Capacity; DEPUTY JONATHAN BOWMAN; In his Official Capacity; CITY OF BENTON HARBOR; BENTON HARBOR PUBLIC SAFETY DIRECTOR, DANIEL E. MCGINNIS JR.; Individually and in his Official Capacities; BENTON HARBOR HOUSING COMMISSION; CINDY DRAKE-COLLIER, in her Official Capacity; BENTON CHARTER TOWNSHIP; OFFICER JOHN VISEL, Individually and in his Official Capacity; LT. DT. MICHAEL DENDOOVEN, In his Official Capacity; STATE OF MICHIGAN; MICHIGAN STATE POLICE; DETECTIVE WILLIAM ASHLEY, Individually and in his Official Capacities; MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES; REBECCA WRIGHT, Individually and in her Official Capacities;

Case No. 1:24-cv-00088
Hon. Paul L. Maloney

CONTINENTAL MANAGEMENT LLC;
REGIONAL MANAGER STEVE COOK,
Individually and in his Official Capacity; KEVIN
MACKIN, Individually and in his Official Capacities;
CALEB GRIMES, Individually and in his Official
Capacity; SECRETARY MARCIA L. FUDGE, In her
Official Capacity; DEPT. OF HOUSING AND
URBAN DEVELOPMENT, and any yet to be
discovered liable parties,

                      Defendants

| | |
|---|---|
| John Robert Beason, III<br>The J.R. Beason Firm PLLC<br>Attorney for Plaintiff<br>853 McAlister Street<br>Benton Harbor, MI  49022<br>Tel:  (269) 213-1426<br>jrbeasonconsulting@gmail.com | STRAUB, SEAMAN & ALLEN, PC<br>James T. McGovern (P79410)<br>J. Grant Semonin (P86855)<br>Attorneys for Berrien Defendants<br>1014 Main Street, P.O. Box 318<br>St. Joseph, MI  49085<br>Tel:  (269) 982-1600<br>jmcgovern@lawssa.com<br>jsemonin@lawssa.com |
| John G. Fedynsky<br>Michigan Dept of Attorney General<br>Attorney for State of Michigan and<br>Michigan State Police<br>525 W. Ottawa Street, P.O. Box 30736<br>Lansing, MI  48909<br>Tel:  (517) 335-3055<br>fedynskyj@michigan.gov | G. Gus Morris<br>John Gemellaro<br>McGraw Morris PC<br>Attorneys for Charter Township of<br>Benton, Jonathan Bowman, John Visel,<br>Michael DenDooven,<br>2075 W. Big Beaver Road, Suite 750<br>Troy, MI  48084<br>Tel:  (248) 502-4000<br>gmorris@mcgrawmorris.com<br>jgemellaro@mcgrawmorris.com |
| Tyler R. Kitzmiller<br>MI Dept Attorney General<br>Attorney for State of Michigan and Michigan State Police<br>P.O. Box 30754<br>Lansing, MI  48909<br>Tel:  (517) 335-7573<br>kitzmillert@michigan.gov | Timothy Ferrand<br>Cummings McClorey Davis & Acho<br>Attorney for City of Benton Harbor,<br>and Daniel McGinnis, Jr.<br>19176 Hall Road, Suite 205<br>Clinton Twp, MI  48038<br>Tel:  (586) 228-5600<br>tferrand@cmda-law.com |
| Stephanie Marie Service<br>MI Dept of Attrney General<br>Attorney for MDHHS and Rebecca Wright<br>525 W.Ottawa Street<br>P.O. Box 30212<br>Lansing, MI  48909<br>Tel:  (517) 335-1152<br>serviceS3W@michigan.gov | |

| | |
|---|---|
| Ticara D. Hendley<br>MI Dept of Attorney General<br>Attorney for MDHHS and Rebeca Wright<br>525 W. Ottawa Street, P.O. Box 30758<br>Lansing, MI  84909<br>Tel:  (517) 335-7603<br>hendleytl@michigan.gov | Richard P. Smith<br>Blake Kirchner Symonds<br>Attorney for Continental Mgmt and Steve Cook<br>1432 Buhl Bldg.<br>535 Griswold Street<br>Detroit, MI  48226<br>Tel: (313) 961-7321 |
| Ellen Bartman Jannette<br>Plunkett Cooney<br>Attorney for Caleb Grimes<br>38505 Woodward Ave, Suite 100<br>Bloomfield Hills, MI  48304<br>(248) 594-8221<br>ejannette@plunkettcooney.com | Anthony A. Agosta (P57355)<br>Clark Hill PLC<br>Attorney for Benton Harbor Housing Commission, Continental Mgmt, LLC, Steve Cook and Cindy Drake-Collier<br>500 Woodward Ave, Ste 3500<br>Detroit, MI  48226-3485<br>Tel:  (313) 965-8523<br>AAgosta@clarkhill.com |

## STEVE PIERANGELI, MARK SANFORD, AND JONATHON BOWMAN'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT AGAINST THEM

Defendants, BERRIEN COUNTY PROSECUTING ATTORNEY STEVE PIERANGELI, ASSISTANT PROSECUTING ATTORNEY MARK SANFORD, and BERRIEN COUNTY SHERIFF DEPUTY JONATHON BOWMAN hereby respectfully move this Honorable Court, by counsel STRAUB, SEAMAN & ALLEN, P.C. under limited appearance for the purpose of bringing this motion, under Fed. R. Civ. P. 4(e), Fed. R. Civ. P. 4(m), and/or Fed. R. Civ. P. 12(b)(5), to quash service of process and dismiss them as defendants in this cause due to insufficient service of process, for the following reasons:

1. Plaintiffs filed their First Amended "Class Action Complaint and Request for Damages" on January 31, 2024. (ECF No. 4, PageID.532-703).

2. Plaintiffs named twenty-seven defendants including Defendants Pierangeli, Sanford, and Bowman. (*Id.*).

3

3.      Fed. R. Civ. P. 4(m) required Plaintiffs to serve Defendants within 90 days after filing the Complaint.  Therefore, Plaintiffs had to effectuate proper service by April 30, 2024.

4.      Plaintiffs filed an Affidavit of Service on April 19, 2024, declaring that they served process on "Mark Sanford in Berrien County, MI on March 31, 2024, at 10:59 am at 219 South Sunnybank Road, St. Joseph, MI 49085 *by posting the documents in a conspicuous place at the premises.*" (ECF No. 23-1, PageID.794) (emphasis added).  The filed Affidavit included a photograph of the purported service with the Summons and Complaint placed on the door knob of the residence.  (ECF No. 23-1, PageID.797).

5.      Similarly, Plaintiffs filed an Affidavit of Service on April 19, 2024, declaring that they also served process on "Steve Pierangeli in Berrien County, MI on March 31, 2024, at 11:06 am at 2720 Willa Drive, St. Joseph, MI 49085 *by posting the documents in a conspicuous place at the premises.*" (ECF No. 26-1, PageID.810) (emphasis added).  The filed Affidavit included a photograph of the purported service with the Summons and Complaint placed on the door knob of the residence.  (ECF No. 26-1, PageID.815).

6.      A week later, on April 26, 2024, Plaintiffs filed a Proof of Service declaring that they served process on "Jonathan Bowman." (ECF No. 46).   This Proof of Service states "I left the summons at the individuals' residence or usual place of abode with _____, a person of suitable age and discretion who resides there, on April 26th, 2024 …" (ECF No. 46).  The Proof of Service does not identify whom the summons was left with.  There is no reference to personal service on the Proof of Service.

7.      Plaintiffs did not file any other Proofs of Service and/or Affidavits of Service as to Pierangeli, Sanford, and/or Bowman by April 30, 2024.  Additionally, no service was effectuated on or before May 15, 2024 in an attempt to cure improper service per the Court's Notice of

4

Impending Dismissal. (ECF No. 32, PageID831-832). No personal service has been effectuated on any of the three movants up and through the date of the filing of this motion.

        8.        Under Fed. R. Civ. P. 4(e), an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

        9.        Michigan law generally requires service of process on a resident or nonresident individual by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A).

        10.      "On a showing that service of process cannot reasonably be made as provided by [MCR 2.105(A)], the court may, *by order*, permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(J)(1) (emphasis added).

11. "A request for an order under [MCR 2.105(J)(1)] must be made in a verified motion dated not more than 14 days before it is filed." MCR 2.105(J)(2). Further, "[t]he motion must set forth sufficient facts to show that process cannot be served under [MCR 2.105(A)] and must state the defendant's address or last known address, or that no address of the defendant is known." *Id.*

12. "Service of process *may not be made* under [MCR 2.105(J)] before entry of the court's order permitting it." MCR 2.105(J)(3) (emphasis added).

13. In *Conrad v. Ward*, 33 Mich. App. 687, 690, 190 N.W.2d 361 (1971), the Michigan Court of Appeals affirmed a trial court's order quashing service of process where "[a]lthough the papers were tacked to the doors of the buildings specified in [a] court order, they were not personally served upon any member of defendant's family."

14. Here, Plaintiffs failed to serve process in accordance with Fed. R. Civ. P. 4(e), Fed. R. Civ. P. 4(m), and/or MCR 2.105(A) because Plaintiffs merely "*post[ed] the documents in a conspicuous place at the premises*" without filing a motion and obtaining an order from the Court permitting alternate service. (ECF No. 26-1, PageID.810) (emphasis added).

15. Plaintiffs did not serve Defendants Pierangeli, Sanford, and/or Bowman by delivering a copy of the summons and of the complaint to them personally.

16. Plaintiffs did not serve Defendants Pierangeli, Sanford, and/or Bowman by leaving a copy of each at their dwellings or usual places of abode with someone of suitable age and discretion who resides there.

17. Plaintiffs did not serve Defendants Pierangeli, Sanford, and/or Bowman by delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

18. Plaintiffs did not serve Defendants Pierangeli, Sanford, and/or Bowman by sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to addressee. Therefore, Plaintiffs cannot provide a copy of any return receipt signed by Defendants Pierangeli, Sanford, and/or Bowman.

19. Plaintiffs also failed to timely serve Defendants Pierangeli, Sanford, and/or Bowman in accordance with Fed. R. Civ. P. 4(m) because Plaintiffs did not effectuate proper service by April 30, 2024.

20. "If a defendant is not served within 90 days after the complaint is filed," then the Court "*must* dismiss the action without prejudice against that defendant or order that service be made within a specified period of time." Fed. R. Civ. P. 4(m) (emphasis added).

21. Fed. R. Civ. P. 12(b)(5) provides further authority for the Court to dismiss a complaint for insufficient service of process.

22. Defendants Pierangeli, Sanford, and Bowman respectfully submit that this Honorable Court should quash service of process and/or dismiss the complaint under Fed. R. Civ. P. 4(e) and/or Fed. R. Civ. P. 12(b)(5) for failure to comply with the Federal Rules of Civil Procedure and/or the Michigan Court Rules governing service of process.

WHEREFORE, Defendants Pierangeli, Sanford, and Bowman respectfully request that this Honorable Court quash service of process and dismiss the complaint under Fed. R. Civ. P. 4(e), Fed. R. Civ. P. 4(m), and/or Fed. R. Civ. P. 12(b)(5).

Respectfully submitted,

Dated:  June 7, 2024                    STRAUB, SEAMAN & ALLEN, P.C.

/s/ James T. McGovern
James T. McGovern (P79410)
J. Grant Semonin (P86855)
Attorneys for Defendants Pierangeli
and Sanford
1014 Main Street, P.O. Box 318
St. Joseph, MI  49085
Tel:  269-982-1600
jmcgovern@lawssa.com
jsemonin@lawssa.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  **None**

/s/ Denise A. Van Hoven
Denise A. Van Hoven
Legal Assistant to James T. McGovern

8