UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DAVIS, SR.,               )
   Plaintiff,        )
       )  No. 1:24-cv-88
v.        )
       )  Honorable Paul L. Maloney
COUNTY OF BERRIEN, *ET AL.*,      )
   Defendants.       )
_____ )

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND GRANTING TIME TO FILE A RESPONSIVE PLEADING

This matter comes before the Court on Plaintiff's motion for a default judgment against Defendant Gauthier. (ECF No. 105). Defendant Gauthier filed a response opposing the motion and requesting time to file a responsive pleading. (ECF No. 106). Plaintiff's motion is denied, and Defendant Gauthier will have 21 days from the entry of this order to file a responsive pleading.

Defendant Gauthier was properly served with the initial complaint in this case on April 7, 2024. (ECF No. 20). His initial deadline to file a responsive pleading would have been the end of April that year. Since then, large swaths of named plaintiffs and defendants were dismissed from the case pursuant to several orders from the Court. Yet, in all that time, no Plaintiff moved for a default judgment against Defendant Gauthier until September 25, 2025, when Plaintiff Dorsey did so. (ECF No. 105). Notably, Plaintiff did so only at the Court's prodding. (*See* ECF No. 103). The next day, Defendant Gauthier's attorney made an appearance and filed a response opposing the motion for default judgment. (ECF No. 106).

"Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). In deciding whether to enter a default judgment, courts consider any prejudice to the plaintiff, whether the defendant has a meritorious defense, and whether culpable conduct by the defendant caused the default. *Id.*

Here, these factors do not suggest the Court should enter a default judgment. Plaintiff waited more than a year to move for entry of default judgment, suggesting time was not of the essence on Plaintiff's end. Any prejudice to Plaintiff is thus minimal. Based on the experience with other similarly situated Defendants in this case, Defendant Gauthier may have a meritorious defense. Defendant Gauthier is certainly blameworthy in this case, having not made an appearance for over a year after being served, but he shares that blame with Plaintiff. In the Court's judgment, these factors on balance weigh against entry of default.

Plaintiff's motion for entry of default judgment (ECF No. 105) is thus **DENIED**. Defendant Gauthier's request for time to file a responsive pleading (ECF No. 106) is **GRANTED**. He shall have 21 days from the entry of this order to file a responsive pleading. **IT IS SO ORDERED.**

Date:  October 3, 2025                          /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge